Kathleen E. Washabaugh, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued December 7, 1979, before Judges CRUM-LISH, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Richard A. Bruni,* for petitioner.

*Edward P. Carey,* Assistant Attorney General, with him, *Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., February 22, 1980:

The Department of Public Welfare affirmed a denial of assistance to Kathleen E. Washabaugh. We affirm.

Benefits were denied based on a finding that Washabaugh transferred real property in excess of $500.00 without receiving fair consideration and with an intent to defraud the Commonwealth by circum-

venting liability which would be imposed on the property as a condition of receiving assistance.[1]

A 1.2 acre parcel was deeded to petitioner and her spouse as a marriage gift in June, 1973. The parents, who resided on property abutting this parcel, reserved the water rights because the only functioning well was on the transferred property. The father of the bride helped construct the cinder block structure in which the married couple resided. From time to time, the parents provided fixtures, repairs and helped with upkeep. The couple decided to separate and recorded a deed transferring the property to the parents on August 31, 1978.

On August 17, 1978, Washabaugh applied for assistance and was rejected because she refused to sign a lien on her property. The present application was filed October 17, 1978, after transferring the property to her parents.

The hearing examiner found the property to have a market value of $6,500 and determined that the parents' services were not equivalent in value. We are satisfied with the fact finder's conclusions. In Westmoreland County, the assessed value of the property is 20% of market value. The property was assessed at $1,300. Petitioner mainly argues that the reserved water rights greatly diminish the property's market value and that with a more realistic market value, the parents' services clearly equaled that value.

It is clear that the services rendered by the parents were not made in contemplation of a return of

---

[1] 55 Pa. Code §177.23(b)(1) provides:

A person who disposes of real or personal property having a value of $500 or more without fair consideration within two years immediately preceding the date of application for assistance, will be ineligible to receive assistance if he disposed of such property with the intention of defrauding the Commonwealth.

the property. Furthermore, the adjudication clearly considered the impact of the reserved water rights in determining market value. Finally, the weight to be accorded the evidence is a matter for the fact finder. It is beyond dispute that fair consideration was not received.

Once it is determined that fair consideration was not received, there must be an evaluation to determine if the transfer was designed to circumvent liability. The transfer involved was clearly suspicious enough to warrant the application of 55 Pa. Code §177.23(b)(1)(i)(c):

> If the circumstances surrounding the transfer appear suspicious, as when the value received for the property is disproportionately small as compared with the net market value of the property transferred, or the period of time between the transfer of the property and application for assistance is relatively short, or information at the time of application raises questions as to the good faith of the applicant at the time the property was transferred, the applicant will be responsible for presenting information to substantiate that he did act in good faith with no intent to defraud the Commonwealth.

Petitioner argues that she is entitled to a presumption against an intent to defraud because the property was transferred as part of a settlement agreement between the separated couple. The presumption found at 55 Pa. Code §177.23(b)(1)(i)(B)(II), is not here applicable.[2] That presumption applies where property is bargained for between the married couple; not where, as here, it is alleged that

[2] The circumstances surrounding the transfer. In some situations, such as a commercial contractual agree-

the daughter was bargaining on behalf of her parents.

Our review of the record indicates that petitioner failed to overcome her burden of proving that the property was not transferred with intent to defraud. Her reasons were that she could not afford upkeep and that her parents deserved the property. In light of the suspicious circumstances, it was not an abuse of discretion for the hearing examiner to find an intent to defraud.

Accordingly, we

ORDER

AND Now, this 22nd day of February, 1980, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, in Case No. 148474-D is affirmed.

Judge DiSALLE did not participate in the decision in this case.

This decision was reached prior to the death of President Judge BOWMAN.

---

ment or a property settlement as part of the dissolution of a marriage the applicant may have engaged in some bargaining concerning the transfer. Such transactions will ordinarily not be found to have been made with the intention of defrauding the Commonwealth even if the applicant did not receive fair consideration for the property.